IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| W.J. SMITH, the real party in interest, individually by himself, | ) |
|     or in the alternative by and through Irma Smith, | ) Jury Trial Requested |
|     his wife, attorney in fact, and next friend | ) |
| Irma SMITH, individually asserting her own claims | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) Case No. 2:17-cv-00191 |
| | ) |
| EDDIE WAYNE WILLIAMS | ) |
| LIQUID TRANSPORT CORPORATION | ) |
| DANA TRANSPORT INC. | ) |
| GREAT WEST CASUALTY COMPANY | ) |
| | ) |
|     Defendants | ) |

## COMPLAINT

Come now the Plaintiffs, W.J. and Irma Smith, who allege the following facts, assert the following causes of action, and seek the following damages against Defendants Eddie Wayne Williams, Liquid Transport Corporation, Dana Transport Inc., and Great West Casualty Company.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff W.J. Smith is an individual over 19 years of age who resides in Covington County, Alabama. He brings this case in his individual capacity. He is the real party plaintiff in interest in this case.

2. Plaintiff Irma Smith is the wife of W.J. Smith. She is an individual over 19 years of age who resides in Covington County, Alabama. She is W.J. Smith's attorney in fact having received broad powers of attorney to act for him on August 17, 2015, including to the power to file and pursue claims in his name in court. In the alternative to the allegations of paragraph 1, she brings this case for W.J. Smith in her capacity as his attorney in fact.

3. In addition and in the further alternative to the allegations of paragraphs 1 and 2, Irma

Smith also brings this case for W.J. Smith in her capacity as his wife and next friend to the extent that W.J. Smith lacks capacity.

4. In addition, Irma Smith also brings her own claims for her own loss of the spousal consortium of her husband, W.J. Smith.

5. Defendant Eddie Wayne Williams is an adult resident citizen of Paulding County, Georgia. He can be served at his residence at 117 Mona Place in Dallas, Georgia 30132.

6. Defendant Liquid Transport Corporation is a foreign corporation created under the laws of the State of Indiana and having its principal place of business in the State of Indiana. It does a significant amount of business in the State of Alabama. Its registered agent for service is Deborah Lane, and she can be served at 8470 Allison Pointe Boulevard, Suite 400, in Indianapolis, Indiana 46250.

7. Defendant Dana Transport Inc. is a foreign corporation created under the laws of the State of New Jersey and having its principal place of business in the State of New Jersey. It has registered to do business in the State of Alabama, and it does a significant amount of business in the State of Alabama. Its registered agent for service is Ken Johnson, and he can be served at 2460 Highway 43 South in Demopolis, Alabama 36732.

8. Defendant Great West Casualty Company is a foreign corporation created under the laws of the State of Nebraska and having its principal place of business in the State of Nebraska. It has registered to do business in the State of Alabama, and it does a significant amount of business in the State of Alabama. Its registered agent for service is Scott Roberts, and he can be served at 2017 Morris Avenue, Suite 100, in Birmingham, Alabama 35203.

9. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Plaintiffs seek more than $75,000.00 exclusive of interest and costs.

10. Venue is proper in this division and district pursuant to 28 U.S.C. § 1391(b)(1),(c)(2),(d)

because Liquid Transport and Dana Transport both reside in this division and district within the meaning of these statutes because they are subject to the general personal jurisdiction of Alabama courts by operating transportation terminals in this district at 2460 Highway 43 South in Demopolis, Marengo County, Alabama 36732 (which is in the Northern Division) and at 10837 Highway 43 North in Creola, Mobile County, Alabama 36525 (which is in the Southern Division).

<u>STATEMENT OF THE FACTS</u>

11. Liquid Transport is a bulk transportation carrier with over 75 years of uninterrupted chemical transportation and distribution throughout the continental United States.

12. Liquid Transport is an interstate motor carrier for hire with over 601 power units and 596 drivers operating under USDOT Number 70892. Its tractor trailers routinely haul cargo through Alabama and to and from points in Alabama. Its trucks were inspected nine times by government inspectors within Alabama within the last two years, and it has been found in violation of federal laws in the State of Alabama on two occasions during the last two years.

13. In 2006, Liquid Transport was acquired by Dana Transport. Dana Transport has been in existence since the 1970s. It also specializes in short and long-haul chemical common carrier transportation.

14. Dana Transport is an interstate motor carrier for hire with over 360 power units and 345 drivers operating under USDOT Number 149776. Its tractor trailers routinely haul cargo through Alabama and to and from points in Alabama. Its trucks were inspected six times by government inspectors within Alabama within the last two years.

15. Liquid Transport and Dana Transport together own over 6,000 liquid container trailers. They also together own and operate more than 50 transportation terminals throughout the continental United States, including two in Alabama, both which are in this district.

16. The websites for Liquid Transport and Dana Transport cross-reference their combined

capabilities and facilities and tout their commingled existence. According to Dana Transport's website, Liquid Transport "has been integrated into Dana Transport."

17. As noted, Liquid Transport and Dana Transport jointly operate two transportation terminals located in Alabama. The first is located in this district and division at 2460 Highway 43 South in Demopolis, Alabama 36732. The terminal managers are C.J. Davis and Aubrey Dickson. The sales contacts are Murl Beason and George Overstreet. The recruiting manager is Eddie Smith. The second transportation terminal is in the Southern Division of this district. It is located at 10837 Highway 43 North in Creola, Alabama 36525. The terminal manager is Travis Frye, and the sales contact is Deborah Wright.

18. At approximately 11:20 a.m. on May 5, 2015, Mr. Smith was operating a 1997 Kenworth tractor trailer in the course and scope of his employment with H.D. Edgar Trucking Co. Inc.

19. Mr. Smith was driving northbound and in the right lane on I-75 near mile marker 342 in in Catoosa County, Georgia, when he slowed the tractor trailer because traffic was slowing in the right lane.

20. The tractor trailer Mr. Smith was operating was struck in the rear by a 2003 Peterbilt tractor and tank trailer that was owned by Liquid Transport and/or Dana Transport and operated by Williams.

21. The collision was caused by Williams's inadvertence, his failure to keep an appropriate lookout, his aggressive driving, his driving too fast for the circumstances, and his decision to follow too closely. Upon information and belief, other wrongful conduct of Williams also contributed to the collision.

22. As a direct and proximate result of the collision, Mr. Smith has suffered physical injuries to his body. Those injuries combined with the reasonable, necessary, and foreseeable medical treatment he obtained to treat his injuries has left Mr. Smith paralyzed with the inability to speak

-4-

and move. As a result, Mr. Smith is completely and totally disabled.

23. Mrs. Smith is his sole caregiver. She takes care of him around the clock and seven days a week. Neither Mr. or Mrs. Smith can travel outside of Alabama. All of Mr. Smith's medical providers who will give testimony regarding his current medical condition and how his medical condition was proximately caused by the collision are in Alabama.

24. As a direct and proximate result of the collision, Mr. Smith has been injured and damaged as follows: (1) he is permanently paralyzed, (2) he has incurred various medical bills in an effort to treat his injuries in the past, and he will incur more medical bills in the future; (3) he has suffered physical pain in the past, and he will suffer more physical pain in the future; (4) he has suffered great mental anguish, annoyance, and embarrassment in the past, and he will suffer more mental anguish, annoyance, and embarrassment in the future; (5) he has lost wages, benefits, and other income in the past, and he will lose more wages, benefits, and income in the future.

25. In addition, as a direct and proximate result of the collision and Mr. Smith's permanent injury, Mrs. Smith has the lost the consortium, services, society, protection, care, assistance, companionship, comfort, guidance, and advice of her husband, and she will lose these benefits from her spouse for the rest of her life. She has also lost wages, benefits, and other income in the past by having to serve as the sole caregiver for Mr. Smith, and she will lose more wages, benefits, and income in the future for having to serve as the sole caregiver for Mr. Smith for the rest of his life.

CAUSES OF ACTION

Count 1: Negligent Driving.

26. This count is asserted against Defendant Williams.

27. Plaintiffs incorporate by reference all allegations in the preceding paragraphs as if they were fully stated herein.

28. Williams had a duty by way of the common law and/or state and/or federal statutes

and/or regulations to properly operate the tractor-trailer he was operating within the standard of care. He breached these duties and committed other negligent acts.

29. As a direct and proximate result of the combining and concurring conduct of Williams and the other Defendants, Plaintiffs were injured and damaged as set-forth in paragraphs 22 thru 25.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request this Honorable Court: (1) to enter judgment in their favor and against these Defendants; (2) to award them compensatory damages in an amount determined by the jury; and (3) to award them all other relief which may be just and proper.

Count 2: Institutional Negligence.

30. This count is asserted against Liquid Transport and Dana Transport.

31. Plaintiffs incorporate by reference all allegations in the preceding paragraphs as if they were fully stated herein.

32. These Defendants had a duty by way of contract, the common law, and/or state and/or federal statutes and/or regulations to properly hire, train, supervise, and retain its employees within the standard of care. These Defendants and their employees knew or should have known Williams was incompetent. Nevertheless, these Defendants and their employees negligently hired, trained, retained, and supervised Williams. These Defendants also committed other negligent acts.

33. In addition and in the alternative, these Defendants had a duty by way of the common law and/or state and/or federal statutes and/or regulations to not entrust a driver with a tractor trailer if they knew or should have known he was incompetent to safely operate it. These Defendants and their employees knew or should have known Williams was incompetent. Nevertheless, these Defendants and their employees negligently entrusted the tractor trailer to Williams. These Defendants and/or their employees committed other negligent acts.

34. In addition and in the alternative, these Defendants had a duty by way of contract, the

-6-

common law, and/or state or federal statutes and/or regulations to properly inspect, repair, test, and/or maintain the tractor trailer before permitting it to be driven. These Defendants breached that duty because the tractor trailer was not properly maintained and needing of repair, and that such condition was a proximate cause of the collision.

35. As a direct and proximate result of the combining and concurring conduct of these Defendants and the other Defendants, Plaintiffs were injured and damaged as set-forth in paragraphs 22 thru 25.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request this Honorable Court: (1) to enter judgment in their favor and against these Defendants; (2) to award them compensatory damages in an amount determined by the jury; and (3) to award them all other relief which may be just and proper.

Count 3: Punitive Damages.

36. This count is asserted against Williams, Liquid Transport, and Dana Transport.

37. Plaintiffs incorporate by reference all allegations in the preceding paragraphs as if they were fully stated herein.

38. The acts and omissions of all Defendants and their employees amounted to willful misconduct, malice, fraud, wantonness, oppression, gross negligence, or that entire want of care which would raise the presumption of conscious indifference to consequences.

39. All Defendants are vicariously liable for the conduct of their employees in the course and scope of their employment under the doctrine set forth above.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request this Honorable Court: (1) to enter judgment in their favor and against these Defendants; (2) to award them punitive damages in an amount determined by the jury; and (3) to award them all other relief which may be just and proper.

<u>Count 4: Vicarious Liability</u>.

40. This count is asserted against Liquid Transport and Dana Transport.

41. Plaintiffs incorporate by reference all allegations in the preceding paragraphs as if they were fully stated herein.

42. These Defendants had control and/or reserved the right to control the manner and methods of Williams and their other employees. As such, they are vicariously liable for their torts as alleged in Counts 1, 2, and 3 under the doctrine of respondeat superior.

43. In addition and in the alternative, these Defendants leased the tractor-trailer that Williams was operating from Williams and/or others. As such, they are vicariously liable for the torts of Williams as alleged in Counts 1, 2, and 3 pursuant to 49 U.S.C. §14102(a)(4) of the Federal Motor Carrier Safety Act and the regulations promulgated by the U.S. Department of Transportation at 49 C.F.R. Part 376 and 49 C.F.R. § 390.5.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request this Honorable Court: (1) to enter judgment in their favor and against these Defendants; (2) to award them compensatory and punitive damages in an amount determined by the jury pursuant to Counts 1 and 3 above; and (3) to award them all other relief which may be just and proper.

<u>Count 5: Joint Venture, Agency and/or Alter-Ego Liability</u>.

44. This count is asserted against Liquid Transport and Dana Transport.

45. Plaintiffs incorporate by reference all allegations in the preceding paragraphs as if they were fully stated herein.

46. Dana Transport controlled the time, manner, and method of Liquid Transport's day-to-day operations, and it exercised supervisory control over the daily activities of Liquid Transport's employees. Therefore, Dana Transport is vicariously liable for the torts and liabilities of Liquid Transport under the doctrine of agency.

47. In addition and in the alternative, Liquid Transport controlled the time, manner, and method of Dana Transport's day-to-day operations, and it exercised supervisory control over the daily activities of Dana Transport's employees. Therefore, Liquid Transport is vicariously liable for the torts and liabilities of Dana Transport under the doctrine of agency.

48. In addition and in the further alternative, these Defendants undertook a joint venture to haul interstate cargo for profit, and each of these Defendants had a right of mutual control as to the conduct of the other. Therefore, these Defendants are vicariously liable for each other's torts and liabilities under the common enterprise doctrine.

49. In addition and in the further alternative, one of these Defendants controls the operational and fiscal activities of the other, and the two are operated as the same business. As such, these Defendants are alter-egos of one another, and each are liable for the others' torts and liabilities, including the liability for all claims stated against either in this complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request this Honorable Court: (1) to enter judgment in their favor and against these Defendants; (2) to award them compensatory and punitive damages in an amount determined by the jury pursuant to Counts 1, 2, 3, and 4 above; and (3) to award them all other relief which may be just and proper.

Count 6: Direct Action.

50. This count is asserted against Great West.

51. Plaintiff incorporates by reference all allegations in the preceding paragraphs as if they were fully stated herein.

52. Liquid Transport had a contract of indemnity insurance with Great West that protects the public against injury proximately caused by the negligence of the operator of the subject tractor-trailer. The policy number is GWP36200J.

53. O.C.G.A. §§ 40-1-112(c) and 40-2-140(d)(4) permit injured persons, such as Plaintiffs,

that have such causes of action against a motor carrier, such as Liquid Transport, to bring a direct action against the indemnity insurer, such as Great West.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request this Honorable Court: (1) to enter judgment in their favor and against Great West; (2) to award them compensatory and punitive damages in an amount determined by the jury pursuant to Counts 2, 3, 4, and 5 above; and (3) to award them all other relief which may be just and proper.

## JURY DEMAND

54. Plaintiffs request a trial by struck jury on all issues of fact, including the amount of damages.

Respectfully submitted by
the Attorneys for W.J. and Irma Smith,

| | |
|---|---|
| /s/ Richard Riley | /s/ Troy King |
| William Reeves "Rip" Andrews (AND-100) | Troy King (KIN-047) |
| Richard Riley (RIL-014) | LAW OFFICES OF TROY KING L.L.C. |
| MARSH, RICKARD & BRYAN P.C. | 7065 Fain Park Drive; Suite 203 |
| 800 Shades Creek Pkwy.; Suite 600D | Montgomery, Alabama 36117 |
| Birmingham, Alabama 35209 | Phone: (334)215-4440 |
| Phone: (205)879 1981 | Fax:    (334)215-4438 |
| Fax:    (205)879 1986 | Email: troy@troykinglaw.com |
| Email: ripandrews@mrblaw.com | |
|         rriley@mrblaw.com | |

## REQUEST FOR SERVICE

Plaintiff requests that the Clerk immediately issue a summons pursuant to A.R.C.P. 4(i)(2) and F.R.C.P. 4(e)(1) for the following Defendants to be served at the following address by certified mail at the following address:

| | |
|---|---|
| EDDIE WAYNE WILLIAMS | DANA TRANSPORT INC. |
| 117 Mona Place | c/o Ken Johnson, its Registered Agent |
| Dallas, Georgia 30132 | 2460 Highway 43 South |
| | Demopolis, Alabama 36732 |
| | |
| LIQUID TRANSPORT CORPORATION | GREAT WEST CASUALTY COMPANY |
| c/o Deborah Lane, its Registered Agent | c/o Scott Roberts, Its Registered Agent |
| 8470 Allison Pointe Boulevard; Suite 400 | 2017 Morris Avenue; Suite 100 |
| Indianapolis, Indiana 46250 | Birmingham, Alabama 35203 |