IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| W.J. SMITH, *et al.*, | * |
| | * |
|     Plaintiffs, | * |
| | * |
| vs. | * CIVIL ACTION NO. 17-00191-CG-B |
| | * |
| LIQUID TRANSPORT CORP., | * |
| *et al.*, | * |
| | * |
|     Defendants. | * |

**REPORT AND RECOMMENDATION**

This case is before the Court on Defendant Liquid Transport Corp.'s Motion to Partially Dismiss Plaintiffs' First Amended Complaint and Strike Certain Improper Allegations (Doc. 38). The motion has been fully briefed and is ripe for resolution.[1] Upon consideration of all matters presented, the undersigned RECOMMENDS, for the reasons stated herein, that Defendant's Motion to Dismiss and Strike be denied.

**I. Background Facts**

Plaintiffs W.J. Smith and Irma Smith filed the instant action against Eddie Wayne Williams, Liquid Transport Corp. (hereinafter "Liquid Transport"), Dana Transport, and Great West Casualty Insurance in connection with a collision that occurred on May 5, 2015, in Catoosa County, Georgia. (Doc. 1). In their

---

[1] The motion has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. CivLR 72(a)(2)(S).

amended complaint,[2] Plaintiffs allege that Defendant Williams caused the 2003 Peterbilt tractor and tanker trailer that he was driving to hit the back of the 1997 Kenworth tractor and semi-trailer operated by Plaintiff W.J. Smith. (Doc. 30). Plaintiffs also contend that "[t]he collision was caused by Williams' inadvertence, his failure to keep an appropriate lookout, his aggressive driving too fast for the circumstances, and his decision to follow too closely." (Id. at 5). Plaintiffs further contend that W.J. Smith is totally disabled as a result of the injuries that he sustained in the accident. (Id.).

In count 1 of the amended complaint, Plaintiffs assert a negligence claim against Defendants Williams; in count 2, Plaintiffs assert a negligence claim against Defendants Liquid Transport and Dana Transport; in count 3, Plaintiffs assert a punitive damages claim against Defendants Williams, Liquid Transport and Dana Transport; in count 4, Plaintiffs assert a vicarious liability claim against Defendants Liquid Transport and Dana Transport; in count 5, Plaintiffs assert a joint liability claim against Defendants Liquid Transport and Dana Transport; and in count six, Plaintiffs assert a direct action against Great West Casualty as the indemnity insurer for Liquid Transport. (Doc. 30).

---

[2] After Defendants filed motions seeking the dismissal of Plaintiffs' original complaint, Plaintiffs requested and were granted permission to file an amended complaint. (Docs. 25, 31).

Liquid Transport's instant motion to dismiss seeks the dismissal of Plaintiffs' claims in counts 2, 3, and 5. (Doc. 38). Liquid Transport also seeks to have certain allegations contained in paragraphs 12, 14, 15, and 17 of Plaintiffs' amended complaint stricken pursuant to Fed.R.Civ.P. 12(f) as immaterial, impertinent, or scandalous. (Doc. 38 at 2-3). In their response to Liquid Transport's motion, Plaintiffs stipulated to the voluntary dismissal of all claims against Defendants Dana Transport, Inc. and Williams without prejudice; thus, those Defendants were dismissed from this case. (Docs. 50, 53). Plaintiffs also acknowledged that their claims against Liquid Transport in counts 2 and 5 should be dismissed; however, Plaintiffs contend that they have set forth sufficient facts to support their claim, in count 3, for punitive damages against Liquid Transport. (Doc. 51). Plaintiffs also argue that Liquid Transport's request to strike certain allegations in the amended complaint should be denied because the allegations were not included for an improper purpose. (Id. at 8). In light of Plaintiffs' stipulation and response (Docs. 50, 51), the only issues remaining with respect to Liquid Transports' motion to dismiss and strike are: 1) whether Plaintiffs have stated a claim for punitive damages, and 2) whether specific allegations contained in Plaintiffs' amended complaint should be stricken as immaterial, impertinent, or scandalous.

## II. Standard of Review

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting GSW, Inc. v. Long Cnty., 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations"; however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . ., on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Although Plaintiffs' request for punitive damages is listed in the amended complaint as a separate count, "[a] request for punitive damages is not a 'claim' within the meaning of Federal Rule of Civil Procedure 8(a)(2); it is only part of the relief demanded in a claim." Walker v. City of Orlando, 2007 U.S. Dist. LEXIS 46129, 2007 WL 1839431, *4 (M.D. Fla. June 26, 2007)(quoting Cohen v. Office Depot, Inc., 184 F.3d 1292, 1295-99 (11th Cir. 1999), *vacated on other grounds*, 204 F.3d 1069 (11th Cir. 2000); Rolle v. Brevard County, 2007 U.S. Dist. LEXIS 6920, 2007 WL 328682, *13 (M.D. Fla. Jan. 31, 2007); see also Schmidt v. C.R. Bard, Inc., 2014 U.S. Dist. LEXIS 146459, 2014 WL 5149175, *8 (S.D. Ga. 2014)(punitive damages are not a "cause of action" subject to dismissal under Rule 12(b)(6)).

**III. Analysis**

The Court observes, as a threshold matter, that Plaintiffs contend that Georgia law should control because that is where the accident occurred and where Plaintiff W.J. Smith sustained his injuries. Liquid Transport does not dispute that Georgia law controls, but instead asserts that Plaintiffs did not place it on notice that they were seeking to recover under Georgia law, as opposed to Alabama law. "A federal court in a diversity case is required to apply the laws, including principles of conflict of laws, of the state in which the federal court sits." Colonial Life & Accident Ins. Co. v. Hartford Fire Ins. Co., 358

5

F.3d 1306, 1308 (11th Cir. 2004) (*quoting* O'Neal v. Kennamer, 958 F. 2d 1044, 1046 (11th Cir. 1992). Thus, the beginning point of the Court's analysis is application of Alabama's choice-of-law rules.

Alabama's choice of law rules for tort actions are based on "the traditional choice of law rule of *lex loci delicti*" requiring "that the substantive law of the place where the tort occurred must be employed." In re Verilink Corp., 405 B.R. 356, 365 (N.D. Ala. 2009). "Under *lex loci delicti*, a tort is deemed to have occurred where the alleged harm was suffered." Id. (citing Norris v. Taylor, 460 So. 2d 151, 152 (Ala. 1984)). As noted, *supra*, there is no dispute that the collision made the basis of Plaintiffs' lawsuit occurred in Georgia, and that is where Plaintiff W.J. Smith sustained his injuries. The undersigned thus finds that Plaintiffs' claim for tort damages is controlled by Georgia law.

    **A.   Punitive Damages**

O.C.G.A. § 51-12-5.1 states:

> (a) As used in this Code section, the term "punitive damages" is synonymous with the terms "vindictive damages," "exemplary damages," and other descriptions of additional damages awarded because of aggravating circumstances in order to penalize, punish, or deter a defendant.
>
> (b) Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud,

>wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.
>
>(c) Punitive damages shall be awarded not as compensation to a plaintiff but solely to punish, penalize, or deter a defendant.

Under this Georgia statute, punitive damages may be awarded "only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." Doctoroff v. Perez, 273 Ga. App. 560, 615 S.E.2d 623, 624 (Ga. Ct. App. 2005) (quoting O.C.G.A. § 51-12-5.1(b)). Under O.C.G.A. § 51-12-5.1(b), something more than the mere commission of a tort is required for punitive damages. "There must be circumstances of aggravation or outrage." Lindsey v. Clinch Cnty. Glass, Inc., 312 Ga. App. 534, 718 S.E.2d 806, 807 (Ga. Ct. App. 2011). Negligence alone, even gross negligence, will not support an award of punitive damages. Id. Moreover, the alleged willful misconduct or aggravating circumstances must relate to the tort that is being sued upon. Carter v. Spells, 229 Ga. App. 441, 494 S.E.2d 279, 281 (Ga. Ct. App. 1997).

With regard to automobile accidents and the application of O.C.G.A. § 51-12-5.1, "punitive damages are not recoverable where the driver at fault simply violated a rule of the road."

Id. Punitive damages are recoverable, however, "where the collision resulted from a pattern or policy of dangerous driving." Id.

Georgia courts have granted summary judgment to at-fault defendant drivers on the issue of punitive damages, even in automobile collision cases involving aggravating circumstances, where those circumstances were determined to be unrelated to the tort at issue or akin to violations of the rules of the road. See Lindsey, 312 Ga. App. at 535, 718 S.E.2d at 807 (in "cases involving automobile collisions, punitive damages are authorized when the accident results from a pattern or policy of dangerous driving, such as excessive speeding or driving while intoxicated, but not when a driver simply violates a rule of the road."); see also Frey v. Gainey Transp. Servs., Inc., 2006 U.S. Dist. LEXIS 90639, 2006 WL 3734157 (N.D. Ga. Dec. 14, 2006) (granting summary judgment in favor of defendant driver as to punitive damages where defendant exceeded his driver hours, had been shut down by the DOT years prior for such violations, and was arrested for driving with an overweight load); Lewis v. D. Hays Trucking, Inc., 701 F. Supp. 2d 1300 (N.D. Ga. 2010) (granting summary judgment in favor of Defendant as to punitive damages where defendant drove at excessive speeds, carried an overweight load, and drove despite knowing that his blood sugar was not being properly controlled and that he had not been

8

cleared to drive by his physician); Waldrop v. Golden Coastline Logistics, 2015 U.S. Dist. LEXIS 19162, 2015 WL 11257573, *4 (N.D. Ga. Mar. 12, 2015) (summary judgment granted in favor of defendant where the plaintiff produced no evidence that defendant "was speeding, driving under the influence, that he had a history of accidents or moving violations, or any other evidence of aggravating circumstances so as to authorize an award of punitive damages"). These cases make clear that something more than mere negligence is required to support a claim for punitive damages.

As noted, *supra*, in this case, Plaintiffs have alleged that "[t]he collision was caused by Williams' inadvertence, his failure to keep an appropriate lookout, his aggressive driving too fast for the circumstances, and his decision to follow too closely." (Doc. 30 at 5). The undersigned finds that at this early stage of the proceedings, where no discovery has been conducted, and the record has not been sufficiently developed, it is premature to resolve the punitive damages issue. Future discovery may show the appropriateness, if any, of the requested damages sought by Plaintiffs. See Schmidt, 2014 U.S. Dist. LEXIS 146459, 2014 WL 5149175 at *8 ("[w]hether discovery will reveal facts sufficient to carry Plaintiff's burden of proving his entitlement to punitive damages by clear and convincing evidence is yet to be seen, . . . but he has shown enough to

9

satisfy [the Georgia statute's] requirement that punitive damages be specifically prayed"); see also Walker v. City of Orlando, 2007 U.S. Dist. LEXIS 46129, 2007 WL 1839431, *4 (M.D. Fla. June 26, 2007). For this reason, the undersigned recommends that Defendant's Motion to Dismiss Plaintiffs' demand for punitive damages be **denied**, without prejudice to reassert, if appropriate, on a motion for summary judgment.

### B. Motion to Strike

Defendant also seeks to have stricken various portions of paragraphs 12, 14, 15, and 17 of the amended complaint on the ground that they are improper, immaterial, impertinent or scandalous.[3] (Doc.

---

[3] The paragraphs in question read as follows:

12. Liquid Transport is an interstate motor carrier for hire with over 601 power units and 596 drivers operating under USDOT Number 70892. Its tractor trailers routinely haul cargo through Alabama and to and from points in Alabama. Its trucks were inspected nine times by government inspectors within Alabama within the last two years, and it has been found in violation of federal laws in the State of Alabama on two occasions during the last two years.. . .

14. Dana Transport is an interstate motor carrier for hire with over 360 power units and 345 drivers operating under USDOT Number 149776. Its tractor trailers routinely haul cargo through Alabama and to and from points in Alabama. Its trucks were inspected six times by government inspectors within Alabama within the last two years.

15. Liquid Transport and Dana Transport together own over 6,000 liquid container trailers. They also together own and operate more than 50 transportation terminals throughout the continental United States, including two in Alabama, both which are in this district.

10

38 at 17-20). According to Defendant, paragraphs 12 and 15 reference the number of power units, drivers, liquid container trailers and transportation terminals owed and/or operated by either of them throughout the United States, and paragraphs 12 and 14 reference the number of times Liquid Transport or Dana Transport trucks were subject to governmental inspections in Alabama in the past 2 years. Defendant seeks to strike from paragraph 12 the statement that two inspections resulted in Liquid Transport's trucks being found to be in violation of federal laws. Defendant contends that the allegations serve no legitimate purpose and are likely to lead to "wholly unnecessary net worth discovery, at great cost to the parties and contrary to the goal of judicial economy". (Id. at 17-18). Defendant also contends that the allegation regarding the inspection is scandalous and its sole purpose is to "smear" Defendant. Additionally, Defendant seeks to have stricken paragraph 17, which references specific individuals employed by Defendant at its terminals in Alabama. (Id. at 19).

Rule 12(f) provides that "[t]he court may strike from a pleading

---

17. As noted, Liquid Transport and Dana Transport jointly operate two transportation terminals located in Alabama. The first is located in this district and division at 2460 Highway 43 South in Demopolis, Alabama 36732. The terminal managers are C.J. Davis and Aubrey Dickson. The sales contacts are Murl Beason and George Overstreet. The recruiting manager is Eddie Smith. The second transportation terminal is in the Southern Division of this district. It is located at 10837 Highway 43 North in Creola, Alabama 36525. The terminal manager is Travis Frye, and the sales contact is Deborah Wright.

11

an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matter." Principal Bank v. First Am. Mortg., Inc., 2014 U.S. Dist. LEXIS 41001, 2014 WL 1268546, *1 (M.D. Fla. Mar. 27, 2014). "[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Id. "[B]ecause striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." Id.; see also TracFone Wireless, Inc. v. Zip Wireless Prods., Inc., 716 F. Supp. 2d 1275, 1290 (N.D. Ga. 2010) ("Rule 12(f) reflects the inherent power of the Court to prune down pleadings so as to expedite the administration of justice and to prevent abuse of its process. . . . Motions to strike are generally viewed with disfavor and are often considered time wasters.").

"A motion to strike is a drastic remedy to be resorted to only when required for the purposes of justice . . . [and] should be granted only when the pleading to be stricken has no possible relation to the controversy." TracFone, 716 F. Supp. 2d at 1290 (internal citations and quotation marks omitted). Indeed, stated more succinctly, "[i]n addressing a Motion to Strike, 'a court will

12

not exercise its discretion . . . unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" Hepp v. Paul Revere Life Ins. Co., 2014 U.S. Dist. LEXIS 107393, 2014 WL 3865389, *7 (M.D. Fla. Aug. 5, 2014); see also Tracfone Wireless, Inc. v. Access Telecom, Inc., 642 F. Supp. 2d 1354, 1361 (S.D. Fla. 2009) ("A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.") (citations omitted).

In Plaintiffs' response in opposition to the motion to strike, they argue that the allegations Defendant seeks to have stricken were included in the amended complaint to establish (1) that Liquid Transport and Dana Transport are subject to the general jurisdiction of Alabama courts, (2) that venue is proper in this Court, and (3) that Liquid Transport and Dana Transport have engaged in a joint venture, are agents of one another, and/or are alter-egos of one another. (Doc. 51 at 8-9). According to Plaintiffs, now that all claims against Dana Transport have been dismissed, and Liquid Transport has not contested general jurisdiction in Alabama nor the venue of this Court, most of the referenced allegations are no longer material. However, at the time the amended complaint was filed, the allegations served a legitimate purpose.

Upon consideration, the undersigned finds that Liquid Transport has not shown that the allegations in question did not serve a

13

legitimate purpose at the time that the amended complaint was filed given that the case was filed in the Southern District of Alabama, whereas the accident in question occurred in Georgia. Information regarding Defendant's operations in Alabama was necessary in order to establish the appropriateness of personal jurisdiction over the Defendants, as well as proper venue. Additionally, Defendant has not offered any bases for its contention that Plaintiffs' allegations are spurious and will result in unnecessary discovery. Accordingly, Defendant's request to strike allegations in paragraphs 12, 14, 15, and 17 should be **denied.**

## IV. Conclusion.

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss and to Strike be **denied.**

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that *under Eleventh Circuit Rule 3-1,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives

14

the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **15th** day of **February, 2018.**

                                                 **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**